Good morning, Your Honors. Russell Victor Leonard from the Federal Public Defender in Tacoma, Washington, on behalf of Mr. Brazzel, and may it please the Court. The parties present starkly different interpretations of the trial court record of the first jury trial that occurred in this case, and I think it is important that we focus on the record of that trial. That record establishes that the jury had a full opportunity to hear and decide the attempted murder charge that was filed against Mr. Brazzel, that obviously the parties fully litigated that issue, and that they remained silent on that charge. They delivered verdicts on other charges, but that the verdict form in that charge was blank. The jury was discharged by the judge without the expressed consent of Mr. Brazzel and his lawyer. And there was never any communication from this jury that they were split, there was a disagreement, that they were hung, that there were deadlines. Let me just tell you, to cut to the chase, where I see the issue, and you're welcome to take it elsewhere, but it seems to me in the Green case from the Supreme Court, we have a silent jury on one of the charges. They just don't say anything, and it's left blank. Then at the other end of the spectrum, you have a situation where the jury says to the judge, you know, we can't seem to reach a verdict, and then the judge does or doesn't give an Allen-type charge. And then nothing happens, so the judge declares a mistrial. This seems to be somewhere between those two because you have a blank verdict form on the murder charge, but you have a jury instruction, which is separate from the verdict form, that says, well, if you find guilty or not guilty, you can put that in the line. But if you can't agree, just leave it blank and go to the next one. So I think the real question I have is, is that an implied acquittal closer to the Green case, or is it more like a hung jury, which is a more typical situation? The charge, Your Honor, does give the jury the option to move over or move past the attempted murder charge and move on to a lesser or, in this case, the alternative charge that is filed. But the record of what the jury said and what the jury did doesn't help us understand what, in fact, they did in leaving that form blank. We do have this notation that says skip that appears to have been signed by the court person, but there's no explanation of what that meant. And what we do know from this blank form is that the jury did not convict Mr. Brazel of attempted murder in the first degree. Counsel, the Price case seems to be the most analogous case. Do we know for sure? Was there a blank that was not blank in that case? What do we know about that case? My review of the case, and as it was reported, was that the verdict was a lesser charge. And so Mr. Price was charged with murder. There was a lesser instruction for voluntary manslaughter. The jury came back with a verdict of guilty of voluntary manslaughter with no reference to the murder charge or the charge of murder. I believe that was the language in the case. The case is the jury's verdict made no reference to the charge of murder. That's correct. Are they informed wise or anything about it beyond that? We do not have additional information, as I recall, from the published opinion, Your Honor. So my question, which you haven't answered yet, is that these other cases may or may not have had a jury instruction. You know, by the time they get to the Supreme Court, they get kind of homogenized in terms of the details. So does it matter in this case that there was this jury instruction, which we presume the jury followed, or are we really left with kind of looking at the verdict form and saying we don't know, so therefore it's an implied acquittal? It's the latter, Your Honor. And why do we disregard or what do we do with the jury instruction? Well, the jury instruction is what it says. And we don't have any record that establishes what the jury did with that jury instruction beyond leaving it blank of the notation that's in the statute. Well, if you look at the procedural status of this case, and this is an Adipa case, so the question is whether it's clearly established law by the Supreme Court that this should have been treated as an acquittal rather than mistrial. Can you say that the cases we have clearly establish the principle that your petition rests on? I do believe that, starting with the Sylvester case and moving through Green and Price, that there is clearly established Supreme Court law. And referring to the Sylvester case, the Court makes very clear the distinction between silence that results in an implied acquittal versus a hung jury or disagreement. And I'd urge the Court to take a look at the way in which disagreement is discussed in Sylvester. The Court required a formal disagreement and its entry of record. This is at page 269 of U.S. of 170 U.S. That same page, the Court required a disagreement is formally entered on the record. And finally, at the next page, 270, they, that is the jury, the jury reported their inability to agree, and the Court made record of it and discharged them. There is no report of an inability to agree in this case. There simply is this instruction that is to guide the jury. But the jury, in their wisdom, left the jury form blank. There was a notation, again, that we don't know the real meaning of. And the polling of the jury, I think, is quite instructive. And I'd urge the Court to look at ER 54 through 60 that has the transcript of the jury being brought back into court and being polled as to these verdicts. And in that colloquy, each of the colloquies of the jurors, there's no reference to disagreement. There's no reference to a split or to deadlock. And, of course, this is a case that has no note or no prior reference by the jury to being deadlocked and the need for additional guidance from the Court. And the cases that talk about hung juries where jeopardy continues, where there's a manifest necessity for a mistrial, almost to a one will have some reference to the jury being split, 11 to 1, 9 to 3. Kennedy.  Kennedy. Kennedy. Kennedy. Kennedy. Kennedy. Kennedy. Kennedy. Kennedy. Kennedy. Kennedy. The record below doesn't support a mistrial. And, in fact, the judge did not consult with the lawyers about that. Well, I understand that. In Washington law, is there an analogous provision, procedural provision, as in Federal law, do you know? About making inquiry when there's a jury form that's left blank. I don't know if that's true. Well, there's a lot of discussion in the Washington cases which basically say this is a hedge-your-bet proposition, these alternative verdicts, because you don't want to necessarily get a mistrial if you could get conviction on something. And that's why they use these. So even though this one didn't involve a lesser-included offense, sometimes that certainly is one of the visions behind doing it in a lesser-included offense. Here, I guess, in a way, the offenses aren't exactly related. They're not lesser-included offenses, correct? That's correct. And so the Supreme Court cases suggest that that doesn't matter, doesn't have to be a lesser-included offense to fall into the implied acquittal category. That's correct, Your Honor. But I think that, you know, just to follow on with Judge Schwarz's question in a slightly different light, the question I would have is, even though we're not bound to have an exact case under AEDPA, how far can we go in seeing if this circumstance, which the Supreme Court hasn't looked at directly, fits into its cases? In other words, what leeway do we have under AEDPA to still satisfy AEDPA, but not to have the exact case? And I would say that it is an unreasonable application to not apply what happened in the Price case to this case and find that the silence here, and the record is of silence, results in an implied acquittal. I was hoping to reserve a minute for one more. You can go ahead and answer. Are you finished?  All right. May it please the Court. My name is Greg Rosen. I'm an assistant attorney general, and I represent the Respondent in this matter. I have three primary arguments for the Court. First, the jury in Mr. Brezel's case was expressly instructed to consider the crime of first-degree assault only based on two possibilities. One, they found they made an expressed verdict of not guilty on the crime of attempted first-degree murder. This they did not do. Well, that would be relevant if we were sitting on appeal for this verdict, but we're not. That's correct, Your Honor. And we're not going to determine whether it's clearly established Federal law that was violated. That's correct. And that's the issue. That is the issue, Your Honor. And my third point, my third primary argument to this Court is that Mr. Brezel fails to show that he is entitled to Federal habeas relief under this case because there is, in my view, no U.S. Supreme Court that sets out clearly established law based on this set of facts. Well, you don't need that. Let's, you know, we, the Attorney General of Washington has never really argued that that's the standard, nor could they under the Supreme Court cases. Do you agree that if there's an implied acquittal, that jeopardy attaches? If there is implied acquittal, I would agree with that. Okay. So then isn't the question here, is this an applied acquittal? And my answer is no, there is not an implied acquittal, Your Honor. The record, in this particular case, the blank verdict form at SCR 211 speaks volumes. In this case, the silence of the jury speaks volumes. Well, what speaks volumes to me is the fact that the prosecutor did not ask for a mistrial. That seems to me is the bottom line. If he thought this was a mistrial rather than an acquittal, he could have asked for it. Or he could have clarified the situation if he wanted to try the case again. He didn't. So it seems to me that's the end of it. Well, that's true, Your Honor. The prosecutor has done so. But I would submit for the Court's consideration SCR 206, which is the express jury instruction. I'm reading in pertinent part the express instruction to the jury, which states the following. If you find the defendant not guilty of the crime of attempted murder in the first degree, or if after full and careful consideration of the evidence, you cannot agree on this crime, you will consider the alternative crime of assault in the first degree as charged in count one. There's only two possibilities for the jury. And the reason, Your Honor, I would submit that the prosecutor did not ask the Court or ask for a mistrial is that the jury instruction makes explicitly clear to the jury and juries are presumed to follow instructions, and there's lots of case law on that, both from this Court and the U.S. Supreme Court, that if the jury did not make an express verdict of not guilty of a greater charge of attempted first degree murder, the only other possibility it had before it was it could not agree. So either they had a not-guilty finding expressly, we find the defendant not guilty of the crime of attempted first degree murder. Ginsburg. You know what's troubling about this whole thing is this sort of what I think is the hedge your bets proposition, where in a normal case, if the government doesn't prove its case or the jury can't reach an agreement, there is some judicial oversight of that process where the, you know, the jury is polled as to that precise issue, the judge has to make a determination to send the jury back for further deliberation or decide that now it's been five days, we're just going to declare a mistrial. So there's some judicial – there is a process by which you get a hung jury. And once you get a hung jury, well, all bets are off and you can get retried. So what bothers me here is you don't have any of that. You have this jury instruction, which doesn't even say in the second word that you have to have a, you know, if you can't unanimously agree, it just says if you can't agree, leave it blank. So I'm troubled by that lack of process in which that's what makes me think this is not really a hung – it's not equivalent to a hung jury. I understand where you're coming from, Your Honor, but the instructions – and again, I have to emphasize this – this Court has held and the U.S. Supreme Court has held that juries are presumed to follow their jury instructions. I don't think that's even a debatable point. That presumption does exist. It's Mr. Prezell's – But is that – well, even let's assume that. Is that equivalent to a hung jury? That's the question, given the way that it's phrased and without any judicial intervention to determine that you really have a hung jury situation. My answer would be yes. So in this case, what the State could do is that you get these alternative charges. You hope that they get convicted of murder. The jury, as the Washington Supreme Court has said on a number of occasions, kind of compromises sometimes. Well, like, we can't quite go here, but we don't feel so bad because we know we can go to the second charge, even if it's not a lesser-included. It's just an alternative charge. So in that case, here, in your view, the State of Washington can – let's say the guy didn't appeal from that. He was kind of thrilled not to be convicted of murder, and he got convicted of this alternative assault charge. The State of Washington could then go back and say, even though you didn't appeal, we now will retry you on the charge that the jury didn't convict you on. Could they do that? Yes. And they properly did so here, Your Honor, because this was not a case of implied acquittal. The jury instructions at SCR 206 make that plain. This was a case not of implied acquittal, but clearly, based on the record, this was a case of a lack of unanimity. Well, that's the – I guess the clearly word doesn't ring true. I'm sorry, Your Honor? You say lack of unanimity. There's nothing about lack of unanimity in the jury instruction. Just as if you can't agree, that could be for any number of reasons. That's true, Your Honor. But I think we don't want to spend any more time on this. Let's move on to the other charge. That's correct. But the only reasonable inference in light of the jury instruction is, again, either they – the jury entered an express verdict of not guilty on the greater charge of attempted first-degree murder, or they could not agree. And I'm inferring, and I think it's a reasonable inference, that if the jury instruction says you cannot agree, the reasonable inference is the lack of unanimity based on the lack of agreement. My second primary argument is that there is nothing legally infirm as to Mr. Brazell's first- or second-degree assault convictions, nothing whatsoever. Those are the convictions that are in the record. Those are the convictions he challenges in his habeas petition. As we've all discussed, he was not convicted of the greater charge of attempted first-degree murder, either at his first or second degree. Right. But, of course, we know that double jeopardy is not getting convicted. It's the risk. Right. So that doesn't really quite answer our problem here. It doesn't help us through this AEDPA case to make that argument, does it? Well, the Court's – one of the Court's questions to counsel, Your Honor, was this case sort of fell in the middle between the cases for implied acquittal and the cases for home jury. And I think one of the questions that was directed to counsel is, how far can we go, essentially. I think that was your question, Judge. I didn't say how far we can go. I said where does the – how do you characterize this? Well, as I've tried to articulate – But it doesn't have to do with whether he got – he didn't get convicted the second time around on murder. That's correct. It has to do with whether he was in jeopardy for being convicted. Well, I would submit that based on the jury's – that the only reasonable conclusion that this Court can reach after reviewing SCR 206, which is that express jury instruction given during the first trial, the only reasonable conclusion the Court could reach is that the jury could not agree. Because the jury could not agree, then Mr. Burzell's jeopardy continued on the greater charge, thus properly allowing the State to try him a second time on that greater charge. Does it give you any pause, as a lawyer in the State of Washington and for the State of Washington, that the Washington Supreme Court has indicated – you know, there's Litton and Ervin, but I don't think they've changed their view that this kind of instruction is proper, but the blank is tantamount to an implied acquittal? No, Your Honor. It does not give me pause. If the – if I wasn't standing before you, strengthened by the case law that says juries are presumed to follow jury instructions, if I wasn't standing before you with SCR 206, which gives the jury – Yeah, but those – but that's the same instruction in those Washington State Supreme Court cases. That's exactly the posture in which those cases arise in Washington State. And the Court says – well, it's so odd here, because the Court says, well, this is an implied acquittal. That's what the Washington Court says here. It's an implied acquittal, but it's harmless. Now, we do know that if it were an implied acquittal, that the harmless error standard wouldn't apply, correct? I mean, so unfortunately, the Washington Court is just legally wrong on that point. But they say it's an implied acquittal. I would respectfully disagree, Your Honor. And I'll read what I believe to be the pertinent quote from the Washington Supreme Court in the Irvin case. It's at page 9. You're talking about this case, how it came up to us on a – through habeas. I understand. Doesn't the Court here say this is an implied acquittal, but it's harmless? No, Your Honor. As the quote – the Court stated, it said, therefore, regardless of any inquiry by the trial court, the blank verdict forms indicate on their face that the jury was unable to agree. Because the jurors were unable to agree, we cannot consider them to have acquitted Irvin of the greater charges. Thus, Irvin – Are we – are we not, like, listening to each other? I'm asking you about this case, not about Irvin. I'm asking you about this case in the Washington Court. What did the Washington Court say here? Well, I'm sorry, Your Honor. I didn't understand the Court's question. What the Court indicated – the court of appeals indicated here was that the issue was essentially moot, that the Washington – but the Washington Court of Appeals essentially found that he was impliedly acquitted, as I recall. Yes. Of the charge. But the issue was essentially moot. Right. Now, now we're getting to the bottom of it. So the – so what I've been trying to ask you, so maybe I'm imprecise. But listen to the question. Don't answer what you'd like to answer. The question was, what happened in this case? Because this is the case on appeal on habeas. So the Washington Supreme Court said that this is an implied acquittal, but it's harmless. They said it was moot. Or moot, because it's – right. But do you agree that, leaving apart what they said on the first part, that it's an implied acquittal, do you agree that they're wrong as a matter of law on the mootness issue? Because under Federal law, if it were an implied acquittal, jeopardy would attach. No, I don't believe the Court was incorrect, Your Honor. I think the decision by the Washington Court of Appeals as to the ultimate result. That's not what I asked you. I asked you, are they incorrect with respect to whether it's moot or not if there is an implied acquittal? If there was no implied acquittal? No. There was. They said there is an implied acquittal. That's what the Court said. Yes, that would probably be incorrect under Federal law. Okay. So now that brings us to another question, and one in which I think our cases are kind of split, and that is, if the Washington Supreme Court is wrong in its analysis, do we look to that, or do we look to the ultimate result? In other words, on habeas. And we seem to have two lines of cases. What's your position on a situation like this? We'll just assume that, well, I think they are wrong, undoubtedly, on the mootness point under Federal law. So if they're wrong on that point, what does that do to our habeas review? I think the answer to the Court's question is that the Court looks to the decision, the ultimate result of the Washington Court of – I think it was the Court of Appeals rather than the Supreme Court. Right. I think the Court looks to the decision. And as Judge Schwartz has pointed out, was that decision, as I understood Judge Schwartz's question, was that decision by the Washington Court of Appeals contrary to or an unreasonable application of clearly established U.S. Supreme Court precedents? Well, the decision then becomes, in other words, the result, meaning no relief. So if we were to come to no relief by some other path, then, in your view, it wouldn't matter that the Washington Court of Appeals, which is the last reasoned decision, was just legally wrong? That's correct. Unless Mr. Brezel bears his burden to show that that decision by the Court of Appeals was contrary to or unreasonable application of clearly established Federal law, he should lose under Federal habeas. And I would submit, based on this set of facts, there is no clearly established Federal law. Well, when the Court said that there is an implied acquittal, is that a factual determination? I would think that's a mixed question of fact and law, Your Honor, based on the Court's review of the jury instructions – based on the Court's review of the verdict forms, I guess, more importantly than the jury instructions. Did you say that that was clearly wrong? No, Your Honor. I'm not saying that was clearly wrong. In fact, I said the ultimate decision by the Court of Appeals was correct. Judge McKeon was asking me regarding the harmless error standard. Was that incorrect as applied to Federal law? And I answered that it probably was. But the ultimate decision by the Washington Court of Appeals was correct. It was not entitled to relief. Correct for the wrong reason? Well, as they indicated, the Court didn't apparently put forth much effort in its double jeopardy analysis. It's only a paragraph long, as I recall, the Washington Court of Appeals opinion. Was it right for the wrong reason? It was – I think the Court saw it as a nonissue. I think would be a correct interpretation, because ultimately Mr. Purcell was not convicted of the greater charge on retrial. And the Court essentially said it might be an implied acquittal, but because the issue was moved because he wasn't convicted of the greater charge on his second trial. So we're not going to – there's not much else for us to do. Could we – if this is a mixed question of law and fact as to what this jury verdict was, is there any deference owed to that characterization by the Washington Court of Appeals, that it's an implied acquittal? That's a $64 question. Well, as the Court's aware, there is a presumption that a finding of fact is presumed correct unless it's rebutted by the petitioner with clear and convincing evidence. But if this is a mixed question of fact and law, I don't believe the same deference is permitted under the Federal statute. Okay. Well, you can see, I mean, the – I think the difficulty with this case is what happened in the Washington Court of Appeals and then trying to run that through AEDPA in our cases. And that's like over here. But then it's got to run all these other Supreme Court cases on double jeopardy, and somehow they have to meet in the middle and come up with a decision. So I think this case is, you know, far more complex than it – you know, than it appears on its face. And that's why, you know, we have so many questions. I mean, there's just a lot of unanswered questions here. So I appreciate your argument. Thank you. Have some extra time for rebuttal, if we have questions. Well, I'll simply go to the next one. But let me ask you the same question that I asked the Attorney General, and that is, as a matter of law, what is the effect of the Washington Supreme Court determination that this is an implied acquittal? Your Honor, I would assert that the effect of that factual determination – and I think at heart it is a factual determination that has legal consequences, obviously – is that jeopardy is terminated, that Mr. Razzle cannot be retried for that charge. Let's say it's not a factual issue. Let's say it's characterized by the Attorney General as mixed law and fact. Then what happens? Well, I haven't – I'm parsing through this issue on why, Your Honor, based on the course of questions. But I would say that a legal determination of an acquittal should have the same effect, it being an acquittal that terminates jeopardy as to the greater charge. Any other questions? No? Thank you for your argument. We thank both counsel for your arguments in United States v. Brazile.
judges: B. Fletcher, McKeown, Schwarzer